IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**LAWRENCE EDWARD MARTIN,**            **PETITIONER**
**ADC #106491**

V.                CASE NO. 5:19-CV-202-DPM-BD

**WENDY KELLEY, Director,**            **RESPONDENT**
**Arkansas Department of Correction**

## RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections:

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr. Mr. Martin may file written objections with the Clerk of Court within 14 days after the date of this Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

If he does not file objections to the Recommendation, Mr. Martin may waive the right to appeal questions of fact. And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

### II.    Jurisdiction:

Petitioner Lawrence Martin, an inmate in the Arkansas Department of Correction, was convicted by a Pulaski County, Arkansas jury of capital murder and was sentenced to life imprisonment without the possibility of parole. His conviction and sentence were affirmed in a direct appeal to the Arkansas Supreme Court. *Martin v. State*, 328 Ark. 420 (1997).

Mr. Martin filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 on June 18, 2019. (Docket entry #2) In his petition, Mr. Martin challenges the May 30, 2019 denial by the Arkansas Supreme Court of his second state petition for error coram nobis relief. (*Id.*) He asks this Court to "review his 135 page petition" filed with the Arkansas Supreme Court and vaguely argues both that his constitutional right to counsel was violated and that the Arkansas Supreme Court violated the requirements of *Anders v. California*, 386 U.S. 738 (1967). (*Id.* at 1, 11-12)

This Court lacks jurisdiction to consider the merits of Mr. Martin's petition because he has already challenged his conviction through several earlier federal habeas petitions. Mr. Martin first petitioned for habeas relief in September of 2001, raising ten claims of ineffective assistance of trial and appellate counsel. *Martin v. Norris*, No. 5:01-CV-331-SMR-JFF (#2). The claims were determined to be procedurally defaulted, and the petition was dismissed in November of 2003. (#21, # 23, #24) Both the district court and the Eighth Circuit Court of Appeals denied Mr. Martin a certificate of appealability. (#29); *Martin v. Norris*, No. 04-1023 (8th Cir. March 17, 2004). Mr. Martin unsuccessfully petitioned for rehearing before the Eighth Circuit (*Id.* (8th Cir. April 19, 2004)), and for a writ of certiorari from the United States Supreme Court. *Martin v. Norris*, 543 U.S. 843 (2004).

Mr. Martin filed a second petition for habeas relief in January of 2010. In that petition, Mr. Martin alleged that the trial judge had refused to correct a perjured statement; had violated his rights under the Confrontation Clause; had allowed contaminated evidence from the crime scene to be introduced at trial; had incorrectly

2

instructed the jury; and had impermissibly allowed the prosecuting attorney to exclude African-Americans from the jury. *Martin v. Norris*, 5:10-CV-16-BD (#2). Respondent moved to dismiss the petition, arguing that, absent permission to file a successive habeas petition, the district court lacked jurisdiction. (#9) This Court agreed and dismissed the petition. (#14, #15) Thereafter, the Eighth Circuit denied Mr. Martin's request for authorization to file a successive habeas petition. *Martin v. Hobbs*, No. 10-1888 (8th Cir. Aug. 3, 2010).

In June of 2014, Mr. Martin again petitioned the Eighth Circuit for permission to file a successive habeas petition. *Martin v. Hobbs*, No. 14-2434 (8th Cir. June 30, 2014). His petition was denied. *Id.* (8th Cir. Nov. 26, 2014). Mr. Martin petitioned for rehearing, but the petition was denied as untimely. *Id*. (8th Cir. March 16, 2015).

Mr. Martin filed a third petition for habeas relief in May of 2018. In that petition, he alleged that African-Americans were improperly excluded from the jury; that the trial judge had incorrectly instructed the jury on the elements of the crimes charged; that his arrest warrant was based on a falsified affidavit; that his appellate counsel was ineffective; and that an inaccurately transcribed videotaped deposition was improperly allowed into the record. *Martin v. Kelley*, 5:18-CV-112-DPM-BD (#2). Because Mr. Martin's petition was successive, it was denied, and no certificate of appealability was issued. (#3, #5, #6)

In May 2018, Mr. Martin again petitioned the Eight Circuit for permission to file a successive habeas petition. *Martin v. Kelley*, No. 18-2128 (8th Cir. May 25, 2018). His petition was denied, and he did not move for rehearing. *Id* (8th Cir. Nov. 6, 2018).

3

Mr. Martin's current habeas petition – his fourth – must be dismissed because he has not obtained permission from the Eighth Circuit to pursue a successive petition. Before Mr. Martin is eligible to file another federal habeas corpus petition, he must seek and receive an order from the Court of Appeals for the Eighth Circuit authorizing this Court to consider a successive petition. 28 U.S.C. § 2244(b)(3)(A). Without an order from the court of appeals, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[1]

Summary dismissal of a habeas corpus petition – prior to any answer or other pleading from the respondent – is appropriate where, as here, the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals. See Rule 4, Rules Governing Habeas Corpus Cases. The pending petition is clearly successive.

### III.  Conclusion:

The Court recommends that Judge Marshall DENY and DISMISS, without prejudice, Lawrence Martin's petition for writ of habeas corpus (#2) for lack of jurisdiction, and that he DENY Mr. Martin's pending motions to proceed *in forma pauperis* (#1) and for the appointment of counsel (#3), as moot. Furthermore, Judge Marshall should deny a certificate of appealability.

---

[1] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

DATED this 20th day of June, 2019.

_____
UNITED STATES MAGISTRATE JUDGE